FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 20, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES N. D.,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | No. 1:25-CV-03090-SAB<br><br>**ORDER REVERSING THE DECISION OF COMMISSIONER** |

    Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying his application for social security benefits. Plaintiff is represented by D. James Tree. The Commissioner is represented by Benjamin Groebner and Brian M. Donovan. Pending before the Court are Plaintiff's Opening Brief, ECF No. 9, the Commissioner's Brief, ECF No. 17, and Plaintiff's Reply Brief, ECF No. 18.

    After reviewing the administrative record, briefs filed by the parties, and applicable case law, the Court is fully informed. For the reasons set forth below, the Court reverses the Commissioner's decision and remands for an immediate award of benefits.

**I.    Jurisdiction**

    On September 21, 2022, Plaintiff filed application for Title XVI application supplemental security income with the onset date of January 1, 2020. Plaintiff's application was denied initially and on reconsideration. Plaintiff timely requested a

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~1

hearing. A telephonic hearing was held on May 1, 2024. Plaintiff participated and was represented by attorney Robert E. Tree. Valerie Williams, vocational expert, and Peggy Dollarhyde, Plaintiff's mother, also testified at the hearing. On June 14, 2024, the ALJ found Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council and it denied the request on April 21, 2025. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal on June 18, 2025. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II. Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

**Step One**: Is the claimant engaged in substantial gainful activities? *Id.* § 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. *Id.* § 404.1520(b), 416.920(b). If the claimant is not,

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~2

the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? *Id.* § 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* § 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before proceeding to the fourth step, the ALJ must first determine the claimant's residual functional capacity (RFC). An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. *Id.* § 404.1545(a)(1), 416.945(a)(1). The RFC is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? *Id.* § 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. *Id.* § 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? *Id.*

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~3

§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 4

may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized here.

At the time of the hearing, Plaintiff was 28 years old. He lives alone in a small apartment that is paid for by the state. He obtained his GED while he was in juvenile detention. He has spent a significant amount of time incarcerated and as a result, he has problems with adulthood skills. He last worked in 2019 for a gas station in maintenance, but he quit after two months.

In 2022, Plaintiff attempted suicide, and he was hospitalized. He suffers from depression, anxiety, PTSD, and ADD. Plaintiff has difficulty being out in public by himself. Plaintiff testified that his mother acts as his legal guardian. His mother testified that she checks on him daily and takes him shopping and to his medical appointments. He testified that when he goes out with his mother, he rarely goes shopping and just stays in the car. When he is out in public and standing in line, he becomes very anxious, and experiences racing heart rates and shortness of breath and feels like he is burning up. He also has difficulty sleeping because his mind is racing.

Plaintiff was adopted by his parents when he was age 6. Before that, he was in foster care because his mom was an addict. He also had a suicide attempt when he was 14.

## V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 17-28. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 21, 2022, the application date. AR 19.

At step two, the ALJ identified the following severe impairments: major depressive disorder, generalized anxiety disorder, post-traumatic stress disorder

**ORDER REVERSING THE DECISION OF COMMISSIONER ~5**

(PTSD), attention deficit hyperactivity disorder. AR 19

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 19.

At step four, the ALJ concluded that Plaintiff has an RFC to perform:

> a full range of work at all exertional levels but with the following nonexertional limitations: no more than occasional interaction with the public; no more than frequent interaction with coworkers and supervisors; limited to a work environment with no more than routine changes; limited to low-stress environment (that is, no production pace rate requirements); limited to jobs consisting of only simple, routine, and repetitive tasks.

AR 21.

At step five, the ALJ found that Plaintiff had no past relevant work, but there were other jobs that existed in significant numbers in the national economy that he could perform, including Kitchen helper; Hand packager, and Hospital cleaner. AR 27. Consequently, the ALJ found that Plaintiff was not disabled.

Consequently, the ALJ concluded that Plaintiff was not disabled. AR 27.

## VI. Issues

1. Whether the ALJ properly evaluated the medical opinion evidence
2. Whether the ALJ properly evaluated Plaintiff's symptom testimony
3. Whether the ALJ properly assessed lay testimony
4. Whether the ALJ properly assessed the Listings

## VII. Discussion

### 1. **Evaluation of the Medical Opinions**

In evaluating medical opinion evidence, the ALJ considers the persuasiveness of each medical opinion and prior administrative medical finding from medical sources. 20 C.F.R. § 416.920c(a) and (b). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors

**ORDER REVERSING THE DECISION OF COMMISSIONER ~6**

(such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:
> (1) Supportability.
> The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
> (2) Consistency.
> The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.*

Here, while the ALJ concluded non-examining Dr. Moore's and Dr. Browne's opinions were "better supported" and "more consistent" with the record than Dr. Morgan and Dr. Carstens, it failed to identify how this was so. Moreover, this was in err because it is Dr. Morgan's and Dr. Carstens' opinions that are consistent and supported by the record, rather than Dr. Moore's and Dr. Browne's opinions The record consistently documents that Plaintiff has extreme difficulty with being in the public. His heart races, he experiences shortness of breath, and he feels hot. The record demonstrates that Plaintiff has difficulty leaving the house, even for medical appointments. Dr. Morgan's and Dr. Cartens' opinions properly take his anxiety into consideration. It also shows that even with medication,

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~7

Plaintiff continued to present anxious, with racing thoughts, blunted/flat affect and with poor concentration and attention span. Moreover, Dr. Morgan examined Plaintiff, which allowed him to have a better understanding of Plaintiff's symptoms and impairments. He completed a full psychological evaluation, reviewed other evidence interviewed Plaintiff, made clinical findings and diagnoses and conducted a mental status exam, which supported his assessment of Plaintiff's workplace limitations. Both Dr. Morgan and Dr. Carsten agreed that Plaintiff would have marked limitations in completing a normal workday or week, due to his anxiety, which is supported and consistent with the record.

### 2. **Plaintiff's Subjective Complaints**

Plaintiff argues the ALJ erred in discounting Plaintiff's subjective symptoms.

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id.* (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ noted the record showed that Plaintiff consistently complained about anxiety in public but it discounted his testimony because Plaintiff had

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~8

managed to reconnect with old friends and made friends with a neighbor. Additionally, he noted Plaintiff played videogames with others and went four-wheeling.

While technically these would possibly be reasons to discount Plaintiff's symptom testimony, such reasons are not supported by substantial evidence in the record because the ALJ failed to account for the fact that at the time of his crisis contact in the emergency room in 2022, Plaintiff was no longer interacting with his friends. And he only went four-wheeling one time. Otherwise, the record consistently shows that Plaintiff struggles to leave his house. The ALJ erred in concluding that Plaintiff's treatment is conservative and relying on this conclusion to discount Plaintiff's testimony. Instead, the record shows that Plaintiff has required numerous medications at varying doses in order to manage his symptoms. Even with these medications, however, Plaintiff still experiences significant anxiety when interacting with the public. Moreover, the ALJ failed to account for the fact that Plaintiff's difficulty in being in the public and leaving home has made it difficult to get treatment.

### 3. Lay Testimony

Plaintiff argues the ALJ did not properly assess his adoptive mother's testimony. His mother, Peggy Dollarhyde, testified at the 2024 hearing. She explained that she checks in on him daily, takes him to the store and helps him get his medications. And although she has tried to get him to engage in activities, he has no interest. She testified that she did not think he would be able to sustain a job and work all day because of his anxiety.

The ALJ noted her testimony but did not properly consider her testimony in determining whether Plaintiff is able to work. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006). This was in error. The ALJ failed to provide specific reasons for rejecting Ms. Dollarhyde's testimony.

//

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~9

### 4. Listings Assessment

At Step Three the ALJ must determine whether an impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). Each Listing sets forth the "symptoms, signs and laboratory findings" that must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d). "Listed impairments are purposefully set at a high level of severity because the listings were designed to operate as a presumption of disability that makes further inquiry unnecessary." *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) (quotation omitted).

To meet Listing 12.06, a mental disorder must satisfy the requirements of paragraph A and either paragraph B or paragraph C. *Id.* Paragraph A requires medical documentation of certain enumerated symptoms. *Id.* at 12.06(A). Paragraph C requires that the mental disorder be "serious and persistent[1]" and evidence of (1) Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder and (2) Marginal adjustment, that is, the claimant has minimal capacity to adapt to changes in their environment or to demands that are not already part of their daily life. *Id.* at 12.06(C). As an example, Paragraph C is met when the claimant is unable to function outside the home without substantial psychosocial supports.

The ALJ erred in assessing Paragraph C because the record shows that

---

[1] "Serious and persistent means when there is a medically documented history of the existence of the mental disorder in the listing category over a period of at least 2 years. Listing 12.00G2.

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~10

Plaintiff receives assistance from his mother to reduce the demands placed on him, which allows him to have only minimally necessary contact with the world outside his apartment. Plaintiff would be homeless if he did not receive state rental assistance. His mom helps him shop, and most times, Plaintiff just stays in the car. She helps him get to medical appointments and helps him obtain his medication. The record shows that Plaintiff needs assistance to fill out the necessary paperwork to obtain assistance, and without it, he would not be able to live on his own. His mom checks on him daily.

If the ALJ properly assessed the medical opinions of Dr. Morgan and Dr. Cartens and properly evaluated Plaintiff and his mother's testimony, the only conclusion the ALJ could reasonably reached based on substantial evidence in the record would be that Plaintiff meets Listing 12.06. As such, Plaintiff has met his burden of showing that he meets or equals Listing 12.06.

**VIII. Conclusion**

Here, when Plaintiff and his mother's testimony is properly considered, and the opinions of Dr. Morgan and Dr. Carstens are given proper weight, it is clear the ALJ would be required to find Plaintiff disabled on remand. As such, there is no need to develop the record or convene further administrative proceedings and remand for an immediate award of benefits is appropriate. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

Accordingly, **IT IS HEREBY ORDERED:**

1. For docket purposes, Plaintiff's Opening Brief, ECF No. 9, is **GRANTED**.

2. For docket purposes, the Commissioner's Response Brief, ECF No. 17, is **DENIED**.

3. The decision of the Commissioner is **REVERSED**.

//
//

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~11

4.  Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 20th day of January 2026.

_____
Stan Bastian
Chief United States District Judge

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~12